Good morning, everybody. First case on the docket this morning is Carter v. Plocher Construction Company, Inc. Calls number 5-11-0427. And Mr. Phelps, the appellant, whenever you're ready, sir. May it please the court, my name is Kelly Phelps. I represent the appellant in this case, Robert Carter. Just kind of briefly discuss the facts of this case. This case involves an accident where Robert Carter slipped and fell into a hole injuring his back on March 13, 2007. This accident happened at the City of Salem's wastewater treatment plant. And at the time of this accident, the wastewater treatment plant was under construction. The general contractor for the construction of the wastewater treatment plant was the defendant, I believe, Plocher Construction. I think it's important to look at here the contract between the City of Salem and Plocher. It was entered into almost a year prior, on April 25, 2006. And in that, Plocher was awarded the contract and was acting as the general contractor. This project was going to take approximately a year to complete. And I think that one thing that was important to look at here is that the City was going to continue to operate the wastewater treatment plant. In other words, it was going to remain open and in operation while the construction was going on on the upgrades to the treatment plant. That was known between the parties. So obviously, workers, city workers, were going to be on the job site in the wastewater treatment plant working, doing their jobs, while construction was going on around them. If you look at the contract between the City and Plocher, I think there's a couple things that are important. Because I think really what this case looks at, what it comes down to, is the issue of duty. Did Plocher Construction owe a duty to my client to safely do its construction? And I think that not only is there a common law duty, but also I think you can see that Plocher contracted that duty as well. And in it, they said, we will be, Plocher, we will be solely responsible for the job site safety. We will comply with all laws and regulations that govern construction and job site safety. That duty will continue until the job has been completely finished and accepted by the City. And we reserve that duty solely unto ourselves. In other words, the City cannot come in and interfere and try to override Plocher in the execution of its safety during the, supervision of safety during the construction. Now, on the day of this accident, March 13, 2007, there is, I think, a factual dispute. Mr. Carter says that they were trying to drain one tank down and put it into another tank. I don't think there's any dispute that he was working on the tank that they were draining and a wrench had gotten knocked down into it. And they needed to get that out of there so it wouldn't damage the equipment on the bottom. Mr. Carter testified in his discovery deposition that three men from Plocher, he didn't know their names. He described them physically, said that they had been in a Plocher construction truck, that they helped him set up this pump. And another one of these three gentlemen from Plocher took the hose and ran it from the pump over to the other tank that they were going to drain the water into. When they kicked the pump on, the hose fills up and it comes loose, and it's spraying wastewater all over the place. He runs, he tries to corral it, and in the process of corralling it, it gets over near the hole and falls down into an injury in his back. I take it there are no barricades, no tape, no fence, no nothing around the hole? There's no dispute whatsoever. There was nothing barricading the hole. And it's kind of like where it's on a slope, so the level where the tank was at was actually up above, and there was a large excavation area where they had come in where you could actually, I think the size of the hole is 20 feet wide, and actually could put two cars inside of this hole. So he was up above it. There was no barricading around it. There was no safety net, no barricading. So did the trial court rely upon the fact that it was open and obvious, and your contention is that since he was an invitee, that doesn't apply? Yeah, that's exactly what this turns on. And I think what happens, if you read the oral argument on the motion for judgment, it's very clear to me that the attorney for Flocker came in under the mistaken assumption that, hey, this is a big hole. We're going to start the open and obvious defense. My position on that is, well, first of all, you're an invitee. Flocker Construction did not own the wastewater treatment plant, and it did not occupy it. And if you read Flocker's lawyer at least two times during the oral argument, admitted that, says, we are not, for the sake of this motion for judgment, we admit we are not the owner, we are not the occupier. And that's a judicial admission on his part. So the premises liability act is out? Is out. And I think what the lawyer for Flocker, when he filed the motion for summary judgment, just assumed was, and I think a lot of lawyers do this, hey, if somebody got hurt by something on somebody's land, it's a premises liability case. Well, no, it's not. Not always. Especially when the person who created the condition is not the land owner, is not the occupier. In this case, Flocker admits it dug that hole. There's no dispute to that. And what Flocker is trying to do is say, we dug this big, giant hole. We didn't barricade it like we're supposed to. But we want to assert an open and obvious defense. Well, my position on that is that they can't use a defense. That's reserved only for owners and occupiers under the premises liability act. I have not found any case law where an invitee has asserted the open and obvious defense. I know in their brief, they claim that there are such cases, there were two cases that they cited, I think it's the, I guess I'm right, Jakubowski and Lane cases. Those cases weren't analyzed by the court under a negligence theory. In both of those cases, the court found in Jakubowski said general contractor was an occupier. In the Lane case, the subcontractor was likewise an occupier. In all those cases that they're relying on, they were examined under a premises liability analysis, and the party who was able to employ the open and obvious defense was an occupier or an owner. In this case, they've admitted we're not an owner or an occupier. They're an invitee. They came upon the land, pursuant to this contract, for the mutual benefit of both parties to upgrade this wastewater treatment plant. So your argument would be that we should use a traditional duty analysis? That's my argument. Foreseeable risk of harm and so forth, and would whether or not this was an open and obvious danger be a factor in that? I think, and I've thought a lot about that, I think the open and obvious issue really comes down to one, did Plocker have a duty? And I think that they clearly had a duty. Now, I think that they could come in and defend this and say, well, this was a really big hole, but I think that would go more to the issue of not necessarily duty, but as to contributing for negligence. I think they could come in and say, all right, you know, maybe that it was a really big hole. We didn't barricade it, but this hole is so big, the plaintiff should have seen it, and he is more negligent than, you know, his negligence exceeds 50 percent. That would be under traditional negligence analysis, but therein, that's not an issue where a trial court should step in and say, I'm granting summary judgment. And I think that the thing on this is what the trial court clearly did is it just on its own just said, I'm going to analyze the motion for summary judgment under a premises liability theory. That's not what I pled. I pled a straight negligence claim. Let me interrupt you a second. Is there any dispute the fact that the plaintiff caused this problem by dropping something into the hole? Do you dispute that? I guess, yes, I do. And I think that goes, if I'm understanding your question. I think the defense says he dropped the pipe into the hole. And that would go to, I believe, the distraction exception. Now, the distraction exception is an exception to the open and obvious defense. So that gets us back to my assertion that they're not entitled to employ the open and obvious defense because they're an invitee. That's a defense only available to landowners or occupiers. Because what the premises liability act says, hey, we're not going to impose a duty on landowners. If they've got this big open and obvious condition, the burden is too great to force them to have a duty for that. So we're going to relieve them of that duty. But that duty goes to the owner and occupier. This is an invitee who's come upon the land. But now to try to answer your question, let's assume that this court says, well, we're going to let them assert the open and obvious defense. In spite of the fact that they've admitted they're not an owner and occupier, despite the fact that they're an invitee, we're going to allow them to assert this defense. Then I would argue that the court erred by not finding that the distraction exception applies. And here's what I would say to that. Number one, there's an actual dispute. He had to pump the – they had to drain this down because he knocked this pipe or this wrench into this tank. You don't dispute he caused it. He dropped it in the hole. Yeah. But I think what actually – that wasn't what caused him to get hurt. What caused him to get hurt is this hose wasn't placed into the tank properly. And my client testified that someone from Plotters, the one that unrolled the hose and set it into the other tank, and instead of setting it up and holding it when the force of the pump, when it was primed and it pulled the water through it, he didn't have it set up properly and then start to move around. So I think that what caused this wasn't necessarily the pipe knocking into the tank, but the hose not being placed properly. But I think when we get to this thing, we have to remember we're at summary judgment. So is there a factual dispute? I would say that I think there's a factual dispute as to whether or not he created the distraction or not. And I think what you have to look at on this is my client testified that three men from Plotter were assisting him in pumping this down. For the purposes of summary judgment, the trial court should have construed that evidence in my favor. But it didn't. And it said the distraction exception doesn't apply. But I would also say that I don't believe that Plotter's claim that the plaintiff, if the plaintiff creates the condition, that the distraction exception doesn't apply. I think that's flawed reasoning. And I think if you look in the case law, the open and obvious – I'm sorry. The distraction exception was first applied in Moore v. Kmart by the Supreme Court. Now, in that one, the distraction was created by the plaintiff. He was carrying that mirror out. I mean, it was the way that he was carrying the mirror. He created that distraction the way he could have carried that mirror underneath his arm or put it in a shopping cart and carried it out. But the Supreme Court applied the distraction exception there. Isn't the issue in the distraction exception whether the defendant should foresee that the plaintiff will be distracted? Yes. I think that's exactly it, Your Honor. And I think what has happened, and it happens at times where – and the Supreme Court did that again in the Rexfield case. And in all those cases, and in the Clifford court, when it looked at this, and in that very same case in the Clifford that I cited in my brief, the defendant came up with the same thing. Well, the plaintiff created the distraction, or the defendant in that one said, we didn't create the distraction. The Clifford court said exactly what you said, Your Honor. That's not the issue on the distraction. It's foreseeability. In other words, is it reasonably foreseeable that the plaintiff could have been distracted and failed to recognize the danger of the open obvious condition? And I think you take this back to the facts of this case, all right? My client is a city employee. He's going to be on this job site doing his job. Plockner knew that. They knew that when they contracted this case. Is it reasonably foreseeable that a city employee could be distracted from doing his job duties and fail to appreciate some condition that's created by the contractor, such as this big hole, and get hurt? Who created the hole? Plockner. There's no dispute. Plockner's people testified. He said he did. We dug the hole. And there's no dispute. There was no barricading around the hole. Now, I know that they bring up this thing, and I mentioned the OSHA, and I just feel this offhand, that I'm trying to plead a private OSHA cause of action, and I am not trying to do anything of the sort. I think the purpose of that is that duties can arise from common law, from contracts, from laws and regulations. You see all the time in your standard motor vehicle cases where an allegation is made where you fail to keep a proper lookout. It goes to negligence. Yeah, it goes to negligence in a duty. So I think this is a lot of red herrings thrown up there, like we're trying to do this. What this comes down to is the question of duty. They're trying to avoid their duty by invoking a defense that's not available to them as an invitee. The trial court converted my cause of action when it came to its conclusion and said, you know, I'm going to let them use the open office defense. And here's the thing that I think is, you look at it, I just kind of wonder what the trial court was thinking, because at oral argument, at least two times, Plotker's attorney says, for the purposes of this motion for summary judgment, we were not the owner or occupier. And if you read the trial court's decision, the trial court explicitly finds that Plotker was an occupier. So the trial court made a finding that Plotker themselves even judicially admitted that they weren't an occupier. And the court had to do that because it came to the conclusion that, well, this is an open and obvious condition. And that's just something that I think they're not available. That's not a defense available to an invitee. And I think that if the court says, well, they can apply the open and obvious defense, then what is going to happen here is just going to be an expansion of this defense that's really a defense that's traditionally not been available to owners, occupiers, or land. I guess my problem is the hose was dropped by Carter, right? No, the pipe. Oh, the pipe. Yes, it was dropped. Okay, it was dropped. And it didn't go into the hole. Or it went into the hole. No, it went into. It went into the hole. Into a tank. Into a tank, okay. And he didn't fall into a hole. He slipped, didn't he? But he caused the issue. He caused it by dropping something. Well, I think what happened is the pipe was dropped. And several later on, they had to pump the water down. I mean, the reason that they were pumping this tank is because he knocked this pipe in. And the pipe had nothing to do with Plotker, did it? No, other than the fact that, I mean, he was trying to do his job. But, I mean, what caused this, what caused him to fall in the hole, is not that he knocked the pipe into the tank. That's several steps removed away from the accident. What happened was they were having to pump the water down. Now, if you look at it, and if you look at his testimony, he says there was a high flow of water, and we were only using one tank because we had half the plant shut down for the construction. So, you know, I think that it goes again. But there again, I think that that is really a non-issue because I think that would go to the distraction. I guess, again, if we're going to employ the distraction, then there has to first be a fine. He says, well, they can assert an open and obvious defense. I think that there again, it's foreseeability. He was doing his job. The pump, water is being pumped down because he accidentally knocked this pipe. Whether he did that or not, or whether it's a problem or not, it comes down again to, is it reasonably foreseeable? What if he was, you know, it had nothing to do there with just having to drain that water down just because they hadn't put it into the other tank, and it gets skewed out? There's no barricade on this. There's nothing there. The question again is, is it reasonably foreseeable that a city worker doing his job could step off into this hole, which is what he did. And the reason he stepped off into this hole is because the hose came loose, and he said the plocker employee set the hose over into it. So I think it would be one of those things, well, if the plocker employee had set the hose all the way down in it and set a brick up on it like he said, the hose would never come out. Accident would have happened. Same thing, if he had knocked the pipe in, he wouldn't have had to pump the water. Accident may have never happened. But I think that that gets us back to, again, we're at a motion for summary judgment. These are all arguments that should be made to a jury, not for a trial court to say, I'm taking your case away from you, and I'm entering summary judgment. So I think that it comes down to really just a question of, is there a duty? And I think when you look at it, the court made three obvious errors. One, it applied the open and obvious defense to an invitee. Second, it converted the plaintiff's case, who was faulty, to a negligence case, or to a premises liability case, when that's not what the plaintiff played. And third, it failed to construe the evidence in light most favorable to the plaintiff when it was evaluating the motion for summary judgment. It did that because, one, it found the owner was an occupier when Plotker self-admitted we're not, and we're not an owner either. And also when it was looking at the distraction exception, it says, well, Carter created this condition. He created this distraction when he did it. Thank you, Mr. Phelps. We'll get a chance for rebuttal in a few moments. Thank you, Your Honor. Ms. Holliday? May it please the court, counsel? My name is Jessica Holliday, and I represent the affiliate Plotker Construction Company, Incorporated, in this matter. As mentioned by opposing counsel, this appeal arises out of a lawsuit filed by plaintiff where a plaintiff alleges that Plotker was negligent in failing to warn him of a hole that was approximately 20 feet wide and allowing the hole to remain on the premises. The trial court found that Plotker did not owe a duty to Plaintiff and asked that it's granted Plotker's motion for summary judgment. Plaintiff asserts that there's a common law duty in this case as well as a contractual duty that applies. However, regarding the contractual duty, plaintiff has no standing to assert that duty because Plaintiff is not a party to the contract. Additionally, at the hearing on the motion for summary judgment, Plaintiff's attorney admitted that this was not a breach of contract case. Accordingly, that was a judicial admission and a finding on Plaintiff. Everybody's making judicial admissions. You should. As to the common law duty, the status of Plotker does not matter, nor does it matter to Plaintiff's client. And that's because if you look at the traditional factors that the court uses in analyzing whether a duty is owed, which Plaintiff claims applies in this case. Is that what we should do? Oh, yes. Yes, I'm not a plaintiff. So you agree that it should not be analyzed under premises liability? Oh, I totally agree with that. And I think Plaintiff's attorney is confused on that concept. We're saying because the condition, the hole is 20 feet wide, 15 feet deep. Consistently, holes of that size have been held to be open in obvious conditions. And courts have said, I believe it was the case of Wilfong, whether a condition is open and obvious plays into whether a duty is owed because the four factors go into the open and obvious condition. For example, an open and obvious condition is not reasonably foreseeable that someone will be injured by the condition because you assume that the person is going to take care to avoid the condition. Okay. So let's say, following your analysis to its conclusion, if the city hires a contractor to dig a big hole in a sidewalk or in a road, then there would be no duty to put any kind of barricades up or signs or tape or anything to warn pedestrians or drivers. Because it's such a big hole that anybody ought to see it. If it's open and obvious, it wouldn't even be foreseeable that somebody might fall off it. I understand where you're coming from. But with an open and obvious condition, the law in Illinois says that you do not have to warn of the condition because it is so open and so obvious. Well, then if it's in a sidewalk, you don't have to put anything up? What's the difference? Well, for example, I believe the case was Sandoval v. City of Chicago. There was a crater-like defect in a sidewalk, which arguably, assuming the sidewalk was not 20 feet wide, the crater in the sidewalk was much smaller than the hole in this case. And the plaintiff in that case was not paying attention, and she walked into the hole. Accordingly, it was there. She didn't see it. The court still said it's an open and obvious condition, and the City of Chicago did not owe a duty to the plaintiff based on that condition. That was premises. That was a premises liability analysis. Is that right? Right. But again, either way, it doesn't matter because the open and obvious condition plays into whether a duty is owed. And if you look at the four factors of whether a duty is owed, it's not reasonably foreseeable that someone would be injured. The likelihood of injury is also not reasonably foreseeable. Did the trial court employ that analysis? The trial court? The traditional duty negligence analysis? No. I am not aware of that. However, they did find that the hole was open and obvious. They did find that. And they found that because the hole was open and obvious, no duty was in the sidewalk. So do you agree, then, that the trial court erred in employing a premises liability analysis in its court? No, I don't disagree with that because the analysis of whether a duty is owed is still essentially the same because the open and obvious doctrine, essentially the four factors, again, looking at that, whether it's reasonably foreseeable, just goes straight back to it. Now, regarding the deliberate exception, or I'm sorry, the distraction exception that Plaintiff was referring to that we said applied in this case, he said that there is a factual dispute as to whether Hawker employees had anything to do with the distraction. He says that they put the hose over the tank. However, whether distraction exception applies depends on whether it was foreseeable, as was mentioned. And Plaintiff's own testimony, he said, I believe he said that when asked, my understanding is the hose was placed over the tank, ever so slightly, and it was held down with bricks. And when asked during his deposition whether he knew that the hose would come out of the tank, he said no. He was like, the defense was like, why did you not believe that the hose would come out? And he said, well, because it was held down by bricks. So clearly it was not even reasonably foreseeable to Plaintiff that the hose would come out of the tank, let alone Hawker, who they're not even in the business of using clarifying tanks or waste management. Rather, they are a construction company that does concrete work and things of that nature. Additionally, whether- If this hose was going to come loose and spray wastewater all over, or do they only have to foresee that employees working in the area could be distracted by their work? No. If you're just- They had to reasonably foresee that a hose was going to spray wastewater all over everybody, for the distraction exception to apply? Right. Well, with the open and obvious, like, exception, like I said, it's not reasonably foreseeable that someone will be entered by the condition. And part of that is because it is presumed that people will take care to avoid the condition. Because they should have knowledge that it's there, it's hard to miss. So if an individual is inattentive and fails to see the condition, that is not- that fault should not be put on Hawker. Because an individual's inattentiveness does not oppose the duty on Hawker. Well, what about Ward versus Kmart? I mean, it's the exact kind of situation. I mean, if I remember right, Ward walks out of Kmart carrying a mirror and walks into a post. It's open and obvious. You know, it doesn't matter who creates the distraction, does it? The question is, must the landowner reasonably foresee that a person could be distracted by something? Well, it has been stated in several cases that it does matter who creates the distraction. And I believe in my brief, I believe I cited it as stand-alone, stated that in every case where the distraction exception has applied, the defendant actually created or contributed to the distraction. Here, for example, Hawker did not create or contribute to the distraction. Distraction was created when Plaintiff dropped the hose- or, I'm sorry, the pipe into the clarifying tank, which caused the events to follow. Had that not happened, Plaintiff would not have to go grab the hose. He would not have had the hose jerk, like he alleges, and allegedly slip back into the hole. And also, Hawker did not contribute in any way to that. While Plaintiff alleges that, oh, well, Hawker employees were there putting the hose into the tank, that still does not matter one way or the other, because all of it goes back to whether it's foreseeable. And Plaintiff even said he did not know that the hose would come out of the tank. And he works in the wastewater treatment. Plaintiff has asserted that you haven't cited a single case to support your claim that an invitee can assert the open and obvious defense for a condition that it created. Do you agree with that? No, I don't. And that's what, the Sandoval case? Sandoval? No. No, I don't agree with that because I believe that invitees on property have asserted on several, I don't even know how many cases, that it did not owe a duty to the Plaintiff. And that's what this, like, that's what that stands on. Regardless of the open and obvious, all we're saying is we don't owe a duty. And the reason we don't is because the hole was so big. Plaintiff's injury was not reasonably foreseeable. We would never think he would even go over into that area. I mean, there are cases, for example, a child fell through an open stairwell. He sued the contractor. Court found, oh, no duties owed because that was an open and obvious condition. Even children should appreciate the risk of falling into a hole. It was a trespasser, right? Correct, correct. Different analysis. It was a premises liability analysis, and it was a child trespasser. Correct. But still, going back to it, the traditional four factors go into whether a condition is open and obvious. Additionally, Talker did not have a duty to warn Plaintiff of the subject hole because Plaintiff's employer, the City of Salem, had knowledge of the hole. This is best illustrated by the case of Brehame's v. Mobile Oil Corporation. In that case, a firefighter went into a house that was on fire and fell through a hole. He was extinguishing the fire. He later sued the owner of the building. When he went up into the building, he had no knowledge that the hole was present. However, his employer did know about the hole. In addition to finding that the hole was open and obvious in that case, the court also found that even if the hole wasn't open and obvious, any duty the owner of the building owed with regard to the condition, which it did know because it was an open and obvious condition, would be extinguished because once the employer found out there was a hole in the building, that meant that the employer then had the duty to warn the plaintiff, and the owner's duty was thereby extinguished. Plaintiff's counsel, in his reply brief, states that he said that that did not apply in this case, that our analysis is flawed because the distraction exception was not discussed in that case. However, plaintiff's counsel doesn't, I guess, understand our analysis of the case. We're not using it for the open and obvious argument, although that is beneficial to us, but we're using it for the fact that because the city knew that there were these holes there, the minute they knew of these holes, they had an obligation to warn the plaintiff of the hole, and accordingly, any duty that Plocker had, which they didn't because it was open and obvious, would be extinguished. Additionally, plaintiff claims that the deliberate encounter exception also applies to this case. However, the deliberate encounter exception does not apply here because there were alternative paths the plaintiff could take to get the hose. The plaintiff admitted he could have just turned off the stump pump instead of going to retrieve the hose. Arguably, that would have been a safer means to correct the problem because in that instance, he would not have had to go anywhere near the hole. He could have just turned off the stump pump. So arguably, the deliberate encounter exception does not apply here. Also, the court did not convert the plaintiff's cause of action to a premises liability case. Again, it all goes back to the fact that a duty was not owed, and in order to plead a negligent claim, as the plaintiff has done, he must establish that there is a duty, and the trial court simply concluded that there was no duty owed. It was not trying to say, you are pleading a premises liability case. So in conclusion, the trial court properly concluded that Plucker had no duty to warn plaintiff of the subject hole, and Plucker respectfully requests that this honorable court uphold the trial court's entry and summary judgment. Thank you. Thank you very much, Ms. Holden. Mr. Belts, any rebuttal? I think I'd like to talk about the issue where Plucker brings up about the city had knowledge of the hole, then Plucker was relieved of his duty, and they rely on the Brioni's case. And in that Brioni's case, the analysis in that case and its application was rejected by the Supreme Court in the Deibert v. Bauer Brothers Construction Company case. And in that case, in the Deibert case, the defendant tried to use the same defense. Well, the owner of the property, the employer knew about the condition, so therefore he had a duty to warn. Deibert rejected that and said, Brioni's is not applicable here. In Brioni's, for whatever reason, the court looked at the open and obvious defense, but the distraction exception was never raised. It was never mentioned by the court, and for that reason we find it not analogous to this situation. So that's, you know, I think the law they're citing on that is not applicable. But not only that, what they're saying is, well, we went out and dug this big, giant hole, but it was so big and obvious the city knew about it, and therefore the city should have warned its own employee. But go back to the contract. In the contract, they say we, Plucker, are solely responsible for the safety. We, and you, the city, there's that one provision in that contract that says you cannot interfere with us in our responsibility and supervision of the safety on the job site. So they want it both ways. And I think that, here again, when they get into trying to argue, well, the plaintiff wasn't a party to the contract, this wasn't a breach of contract because this is a negligence case. And I don't think, I mean, it's first-year courts to know that a duty can arise from a law, from a contract, from a law, from a regulation, from, you know, a voluntary undertaking. There's all sorts of areas where a duty can come up. And I think that the issue in this case is exactly what, Your Honor, where you asked about the, so they can just dig a big, giant hole wherever they want to, and as long as it's big enough, they don't have any duty. I thought the trial court kind of was going along the right lines when in its analogy and asked Plucker's lawyer about what if a plumber comes on and digs your septic tank up and just leaves it open and then the kid goes into it playing flashlight tag. We have no duty to that kid. The duty is on the home. Even if the plumber came up that day and you didn't even know he dug it out, you come home late at night and didn't know. That's silly. That's, I mean, you can see with that analysis, their application to open an obvious defense creates absurd results. I think that, and Justice Wexner, when you asked the counsel to cite a case where the open and obvious defense has been used by an invitee, they don't give you one in the brief and they wouldn't even cite one today. There isn't. And I think that this is just very, you know, it's clearly, in this case, Plucker was an invitee. They came on the city's property. They dug a big, giant hole. They didn't barricade it. They didn't do any of the things that they told the city they would do. And an employee, in doing his job, got hurt. And I think that the trial court, they make a lot of good arguments about why, you know, I think that's the contributory negligence, and those arguments should be made to a jury, and that's what I'm asking this court to do. Reverse the trial court's granting of the summary judgment. This should go back to the trial court, and we should have a trial on this, and then they can make these arguments about why they're not liable, because my client failed to observe this big, giant hole. But the plaintiff should have the day before. This is not a case where a summary judgment should have been entered, and I would respectfully ask the court to reverse the summary judgment and demand this case back to the trial court for a trial. All right, thank you, Mr. Phelps. Thank you to both of you for your fine briefs and arguments. We're going to take this matter under advisement and issue a decision in due course.